## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              : **Chapter 13**
**Lieberman, Daniel A.**

    **Debtors/ Respondents      : 19-14362**

### Answer to Motion of
### For Relief from Automatic Stay

    Debtor, Daniel A. Lieberman, by and through his undersigned attorney, hereby provides the following answers to the Motion for Relief from Stay filed by Selene LP as attorney in fact for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust ("Movant").  These responses are made without prejudice to debtor's right to present additional facts or contentions at trial based upon information hereinafter obtained or evaluated. Debtor specifically reserves the right to supplement or amend his responses or present additional facts and contentions at a later date to any of the answers given.

    1. -8.  Denied.  Denied.  The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

    9. -10. Denied.  By way of further response, On June 8, 2020, Movant by it counsel, filed a "NOTICE OF DEBTOR'S REQUEST FOR FORBEARANCE DUE TO THE COVID-19 PANDEMIC" (See Docket No. 46).  Said forbearance stated: "2 months and has elected to not tender mortgage payments to Creditor that would come due on the mortgage starting 05/01/2020 through 06/01/2020"; and that "if the Debtor desires to modify the length of the forbearance period or make arrangements to care for the forbearance period arrears, Creditor asks that the Debtor or Counsel for the Debtor make those requests through undersigned counsel".  According to the Debtor, he was unaware of said document, that he spoke to Movant and was told he did not have to make monthly mortgage payments until he had the ability to pay; moreover, that he now has the ability to continue monthly mortgage payments.

    11.    Denied.    The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

    12.    Denied.  The allegation is a legal conclusion of law to which no answer is required.  To the extent an answer may be appropriate, the allegations are denied, and the debtor aver, on the contrary, that Debtor incorporates his response to Paragraphs 9.-10. above as fully set forth herein.  By way of further response, the subject property is Debtor's residence.

    13.    Denied.  Debtor incorporates his response to Paragraphs 9.-10. above as fully set forth herein.

14.    Denied.  The allegation is a legal conclusion of law to which no answer is required.  To the extent an answer may be appropriate, the allegations are denied, and the debtor aver, on the contrary, that Debtor incorporates his response to Paragraphs 9.-10. above as fully set forth herein.  By way of further response, the subject property is Debtor's residence.

15.    Denied.  Federal Bankruptcy Rule 4001(a)(3) states "*Stay of Order.  An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise.*"      Rule 4001(a)(3) is one of the few protections left for the debtor's from unscrupulous creditors that would seize the debtor's property prior to the debtor or debtor's counsel being served notice of said Order to the contrary or otherwise.

For the reasons set forth above, among others, and based on this Court's authority under the Bankruptcy Code, the Debtor prays that the motion be denied, and such other relief as is just and proper.  The Debtor specifically reserves the right to supplement the answer at or prior to the hearing thereon.

Dated:  December 1, 2020

"/s/" Mitchell J. Prince
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtor
P.O. Box 123
Narberth, PA 19072
(215) 893-9357